9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fitzgerald Alfonso SANCHEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION, SERVICE, Respondent.
 No. 92-70257.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1993.*
Decided Oct. 27, 1993.
 
 1
 Before: HALL and RYMER, Circuit Judges, and FITZGERALD,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 I. INTRODUCTION
 
 3
 Petitioner Fitzgerald Alfonso Sanchez (Sanchez) is a citizen of Jamaica. He entered the United States as a permanent legal alien in 1980. (AR 63) He was convicted of transporting cocaine base in 1988 and sentenced to six months imprisonment. In 1989, he was again convicted of transporting or selling cocaine base and served about two years in prison. Sanchez was served with an order to show cause shortly after his release from jail in 1991. At the initial deportation hearing, he was found deportable based on the drug convictions, chose Jamaica as a destination country, and stated his intention to apply for waiver under section 212(c). 8 U.S.C. 1182(c). His hearing before an immigration judge was held on July 12, 1991. The judge denied the waiver application. The Board of Immigration Appeals (Board) affirmed the denial on March 26, 1992. This appeal was filed on the last possible jurisdictional date, April 27, 1992. 8 U.S.C. 1105a(a)(1); Fed.R.App.Pro. 26.
 
 
 4
 The immigration judge's decision discusses Sanchez's family relationships, work history, service in and "less than honorable discharge" from the National Guard (AR 64), possibility of hardship, attempts at rehabilitation, and the seriousness of his crimes. The Board's two-page opinion balances the seriousness of his crimes against his residency, young age at entry, family relationships in the United States, and attempts at rehabilitation.[1] The Board concluded that Sanchez had not established outstanding equities to counter his serious crimes.
 
 II. STANDARD OF REVIEW
 
 5
 The Board must issue a reasoned opinion based on legitimate concerns. Charlesworth v. INS, 966 F.2d 1323, 1325 (9th Cir.1992). The Board may defer to the factual findings or conclusions of the immigration judge. Vargas v. INS, 831 F.2d 906, 909 (9th Cir.1987). The Board also retains the power to conduct a de novo review of the record and determine the legal sufficiency of the evidence. Elnager v. INS, 930 F.2d 784, 787 (9th Cir.1991). Mere conclusory statements or important distortions of the record are bases for remand. Dragon v. INS, 748 F.2d 1304, 1306 (9th Cir.1984); Santana-Figueroa v. INS, 644 F.2d 1354, 1356 (9th Cir.1981).
 
 III. ANALYSIS
 
 6
 Sanchez asserts three principal errors. First, he alleges that the Board improperly relied upon a 1991 conviction for probation violation that has no support in the record. Sanchez admitted to the immigration judge that he violated his parole and a document in the administrative record dated April 17, 1991 states that Sanchez "admits violation of probation." (AR 69; 107) Second, he alleges that the Board acted arbitrarily by giving little credence to his possibility of rehabilitation. The immigration judge noted his criminal recidivist history and the fact that he did not have a job. In his brief to the Board, he admits that he is not rehabilitated but asserts that he is making progress. The Board did not err in giving little weight to his allegations of rehabilitation. Finally, Sanchez alleges that the Board only considered the economic hardship of his return to Jamaica rather than the more important noneconomic disadvantages. In Santana-Figueroa v. INS, 644 F.2d 1354 (9th Cir.1981), the court held that deporting a 70 year-old unskilled man, who had supported his family in Mexico from his meager earnings, without an analysis of the noneconomic hardships was error. The Board had simply classified his claims as "economic" and dismissed them. In the present case, Sanchez testified to being supported by his mother, while the mother of his child supports the child through welfare. (AR 46-47) The immigration judge noted a lack of steady employment. "[Sanchez] has no family living in Jamaica, and he indicates that he thinks he would have trouble obtaining money to support himself. He's had that problem consistently all of his adult life. There seems to be no change that would substantially occur there other than perhaps that Jamaica is a little harder economy to try and make money in." (AR 31) We decline to hold that the immigration judge and the Board gave insufficient weight to the hardship element.
 
 IV. CONCLUSION
 
 7
 The Board supported its decision with a reasoned explanation based on legitimate concerns, and its decision was far from conclusory.
 
 
 8
 REVIEW DENIED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "Favorable considerations have been found to include such factors as family ties with the United States, residence of long duration in this country (particularly when the inception of residence occurred at a young age), evidence of hardship to the respondent and his family if deportation occurs, service in this country's armed forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character. Among the factors deemed adverse to an alien are the nature and underlying circumstances of the exclusion or deportation ground at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability as a permanent resident of this country." Matter of Edwards, Int.Dec. 3134, p. 6 (BIA 1990); Matter of Buscemi, 19 I & N Dec. 628 (BIA 1988); Matter of Marin, 16 I & N Dec. 581 (BIA 1978)