15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert W. SCHMIDT, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70390.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 29, 1993.
 
 Before: ALARCON, LEAVY and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Wolfgang Schmidt appeals from the judgment of the Board of Immigration Appeals ("BIA") denying his petition for a waiver of deportability pursuant to Immigration and Nationality Act Sec. 212(c), 8 U.S.C. Sec. 1182(c).
 
 
 3
 Schmidt contends that the BIA erred by considering convictions not listed on the order to show cause for deportation, and by considering a conviction he did not admit and for which no evidence was proffered. Moreover, Schmidt asserts that the BIA abused its discretion in holding him to the "unusual or outstanding equities" standard, and by improperly weighing the positive equities in his case.
 
 
 4
 We affirm the denial of deportability waiver because we conclude that the BIA did not err in considering the convictions not listed in the order to show cause but admitted by Schmidt, and that the BIA did not abuse its discretion in holding Schmidt to the higher standard or finding that Schmidt failed to meet that standard. Although we find that the BIA abused its discretion by considering a conviction for which no evidence was presented, we conclude that this error was harmless.
 
 
 5
 I. The BIA did not err in considering convictions not listed in the order to show cause for deportation when determining whether to deny Schmidt's motion for a waiver of deportability.
 
 
 6
 Schmidt argues that the BIA abused its discretion by considering convictions not listed in the order to show cause for deportation when deciding to deny his motion for waiver of deportability pursuant to section 212(c). However, when the BIA decides whether to grant a waiver of deportability, it weighs the factors for and against deportation and considers all of the facts and circumstances involved. In re Marin, 16 I & N Dec. 581, 585 (1978). In addition to the convictions listed in the order to show cause for deportation, or the "underlying circumstances of the exclusion ground at issue," the BIA may consider evidence of anything "indicative of a respondent's bad character," including "the existence of a criminal record." In re Buscemi, 19 I & N Dec. 628, 633 (1988).
 
 
 7
 Schmidt cites Zamora-Morel v. INS, 905 F.2d 833 (5th Cir.1990), for the proposition that the BIA may not consider convictions that the INS failed to list in the order to show cause. In Zamora-Morel, however, the Fifth Circuit held that the BIA could not consider convictions withdrawn by the INS from the order to show cause when determining the deportability of an individual pursuant to 8 U.S.C. Sec. 1251(a)(2)(A)(ii),[1] because "[t]he INS, under its regulations, is required to give an alien notice of the charges of deportability against him or her." Id. at 839.
 
 
 8
 In the present case, the INS did not introduce the unlisted convictions to bolster its contention that Schmidt is deportable; Schmidt had already conceded that fact. Rather, the INS introduced the convictions to demonstrate that Schmidt was not entitled to a waiver of deportation pursuant to section 212(c). Thus, the BIA did not err by considering convictions not listed in the order to show cause.
 
 
 9
 Schmidt also argues that the BIA should not have considered the convictions that Schmidt admitted on the stand, because the INS never introduced authenticated documents as evidence of these convictions. In support of this proposition, Schmidt cites 8 C.F.R. Sec. 287.6(a), which states, "[i]n any proceeding under this chapter, an official record or entry therein, when admissible for any purpose, shall be evidenced by an official publication thereof, or a copy attested by the official having legal custody of the record or by an authorized deputy." This regulation, however, does not require that official records be submitted into evidence to prove a conviction. Instead, it requires that any official record that is submitted into evidence must be an official publication or an authenticated copy. Here, no documentary evidence of Schmidt's convictions was submitted, because Schmidt admitted them. Therefore, section 287.6(a) is inapplicable under these facts.
 
 
 10
 II. The BIA abused its discretion when it considered a conviction against Schmidt to which he did not admit and for which no evidence was presented, but the abuse was harmless error.
 
 
 11
 On cross-examination at the hearing before the Immigration Judge, the INS attorney showed a document to Schmidt that allegedly reflected a conviction for disorderly conduct in 1967. AR at 86. Schmidt testified he did not remember the incident. AR at 100. The INS did not introduce the document into evidence. AR at 86.
 
 
 12
 Nevertheless, when discussing the adverse factors it weighed against Schmidt, the BIA stated that he "has a 1967 conviction for disorderly conduct." The BIA, possibly referring to the alleged conviction for disorderly conduct, also mentioned that Schmidt had "omit[ted] some of his crimes in recounting his criminal record." Accordingly, the BIA appears to have considered an alleged criminal conviction for which no evidence was presented. In its brief before this court, the INS did not contend that there was evidence that demonstrates that Schmidt suffered this alleged conviction. Any inference that Schmidt was convicted for disorderly conduct in 1967 would have been based on bare speculation. The BIA is "not justified in considering this bare speculation as an unfavorable factor." De La Luz v. INS, 713 F.2d 545, 546 (9th Cir.1983) (per curiam). Because there was no evidence presented to suggest that Schmidt had ever been convicted of disorderly conduct, the BIA abused its discretion by considering this alleged conviction in concluding that Schmidt had a record of criminal conduct spanning a twenty year period.
 
 
 13
 Since the inclusion of improper considerations in reaching a discretionary decision is grounds for remand, we would ordinarily remand this matter to the BIA for further consideration that did not include Schmidt's alleged conviction for disorderly conduct. Ng v. INS, 804 F.2d 534, 539 (9th Cir.1986) ("inclusion of an improper factor in reaching a discretionary decision is grounds for remand"). In this case, however, the improperly considered conviction was but one of many convictions that contributed to the BIA's finding of the negative factor that Schmidt had committed a pattern of crimes "spanning a 20-year period." Where there are multiple grounds for a finding of fact, the consideration of an improper ground may be harmless error. Spencer Livestock Comm'n v. Department of Agric., 841 F.2d 1451, 1458 (9th Cir.1988) (administrative judgment affirmed even though two consent orders were improperly considered as evidence of trade violations, where there was extensive other evidence of violations); Liwanag v. INS, 872 F.2d 685, 687 n. 2 (5th Cir.1989) (there is no need to remand a case where there is little likelihood that the agency would have reached a different conclusion but for the error). In light of Schmidt's extensive criminal record, it is extremely unlikely that the BIA would have reached a different conclusion had it not considered the alleged conviction for disorderly conduct. We conclude, therefore, the BIA's consideration of the alleged disorderly conduct conviction was harmless error.
 
 
 14
 III. The BIA did not ignore its own precedent or fail to explain its decision adequately, thereby abusing its discretion, in holding Schmidt to the "unusual or outstanding equities" standard.
 
 
 15
 Schmidt also contends the BIA abused its discretion in holding him to the higher standard of "unusual or outstanding equities." Specifically, he argues that the BIA ignored its own precedents and failed adequately to explain its decision.
 
 
 16
 An applicant for a waiver pursuant to Sec. 212(c) of the Immigration and Nationality Act must demonstrate "unusual or outstanding equities" when serious negative factors weigh against granting a waiver. In re Buscemi, 19 I & N Dec. 628, 633 (1988). Such a heightened showing is often required, for example, when a potential deportee has been convicted of a serious drug offense, particularly one involving the trafficking or sale of drugs. Id. A heightened showing also may be mandated "because of a single serious crime ... or because of a succession of criminal acts, which together establish a pattern of serious criminal misconduct." In re Buscemi, 19 I & N Dec. at 633-34. The demonstration of unusual or outstanding equities, furthermore, "does not compel a favorable exercise of discretion; rather absent such equities, relief will not be granted in the exercise of discretion." In re Edwards, Interim Decision No. 3134, 1990 WL 385757, 1990 BIA LEXIS 8, * 13.
 
 
 17
 Schmidt argues that the BIA's imposition of the higher standard was an abuse of discretion in his case, because he had not engaged in a "pattern of serious criminal misconduct." Schmidt concedes that "[t]he BIA has never defined 'a pattern of serious criminal misconduct.' " Blue Br. at 12. He argues, though, that the BIA has never imposed the "unusual or outstanding equities" standard on an individual with a criminal record similar to his own and that this demonstrates an abuse of discretion. The BIA abuses its discretion if it acts "arbitrarily, irrationally, or contrary to law." Israel v. INS, 785 F.2d 738, 740 (9th Cir.1986). "The BIA acts arbitrarily when it disregards its own precedents and policies without giving a reasonable explanation for doing so." Id.
 
 
 18
 In this case, the BIA ruled that Schmidt was required to demonstrate unusual or outstanding equities, because "[w]hile none of his convictions [were] for a serious drug offense, when considered cumulatively they indicate[d] a pattern of serious criminal misconduct ... spanning a 20-year period." AR at 9. While this court may not have come to the same conclusion, "[w]e may not substitute our judgment for that of the Attorney General or his delegate"--in this case, the BIA. Astudillo v. INS, 443 F.2d 525, 527 (9th Cir.1971). The BIA thus provided a reasonable explanation for holding Schmidt to the higher standard. Furthermore, although Schmidt cites several cases (some of them unpublished) in which the BIA held individuals convicted of violent crimes to this higher standard, Schmidt cites no cases which demonstrate that the BIA has held other individuals with criminal records similar to his to a lesser standard. The BIA, therefore, disregarded no precedents in holding Schmidt to the "unusual or outstanding equities" standard, and provided a reasonable explanation for its holding.
 
 
 19
 IV. The BIA did not abuse its discretion by improperly weighing Schmidt's positive equities.
 
 
 20
 Schmidt contends that the BIA abused its discretion by giving insufficient weight to the equities in favor of granting a waiver of deportation. He argues that in weighing his positive equities, the BIA abused its discretion by not finding that he demonstrated "unusual or outstanding equities." To support his claim, Schmidt cites In re Buscemi, wherein the BIA found that an individual who had lived in the United States for 17 years, who was closely tied to his family, and who had been gainfully employed had demonstrated "outstanding equities." In re Buscemi, 19 I & N Dec. at 634. Schmidt contends that his equities are at least as strong as those in In re Buscemi, and that the BIA abused its discretion by not finding that he had demonstrated such equities.
 
 
 21
 When important aspects of a potential deportee's claim are distorted or disregarded, denial of relief may constitute an abuse of discretion. De La Luz v. INS, 713 F.2d 545, 545 (9th Cir.1983) (per curiam). In Schmidt's case, the BIA considered all of Schmidt's positive equities, including his length of residence in the United States, his ties to his mother, siblings, and children, his gainful employment, his volunteer service, and his property ownership in this country. Thus, in reaching its conclusion, the BIA did not disregard any of Schmidt's positive equities. More importantly, the BIA ruled that Schmidt had at least one outstanding equity, the fact that he had "resided in the United States for 35 years beginning at age 9."
 
 
 22
 Therefore, Schmidt is mistaken in arguing that the BIA did not find that he had met the standard of unusual or outstanding equities. Rather, the BIA found that he had shown outstanding equities, but that "the adverse factors of [his] criminal record overc[ame] the postiive equities he ha[d] demonstrated." Thus, there was no abuse of discretion.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 "Any alien who at any time is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable."