**Daniel REYES, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74880.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2008.

Filed April 16, 2008.

Antonio M. Zaldana, Esq., Law Office of Antonio M. Zaldana, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony P. Nicastro, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Petitioner Daniel Reyes is a citizen of El Salvador who was admitted to the United States in 1990. In 1994, he pled guilty to a charge of lewd acts upon a child in violation of Cal.Penal Code § 288(a). The government initiated removal proceedings, and Reyes did not dispute that he was removable for having committed an aggravated felony. He sought relief from removal in the form of a discretionary waiver of inadmissibility under former § 212(c) of the INA, 8 U.S.C. § 1182(c) (1994) (repealed). The immigration judge ("IJ") found that Reyes met the statutory prerequisites for the waiver, but that he did not merit the favorable exercise of discretion. The IJ held that Reyes' conviction was for a "serious crime" and therefore that he had the burden of demonstrating "outstanding and unusual" hardships should he be removed. *See Matter of Buscemi,* 19 I. & N. Dec. 628, 633 (BIA 1988). The IJ concluded that Reyes failed to meet the heightened standard and therefore denied the waiver. The BIA affirmed.

Reyes timely petitioned for review to this court. His sole substantive contention is that his conviction was not a "serious crime" that merited the heightened "outstanding and unusual" hardships standard.

We lack jurisdiction to consider this argument. "Discretionary decisions, including whether or not to grant § 212(c) relief, are not reviewable." *Vargas–Hernandez*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. Gonzales,* 497 F.3d 919, 923 (9th Cir. 2007) (citing 8 U.S.C. § 1252(a)(2)(B)(ii)). The "serious crime" determination is discretionary and not a question of law. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 891 (9th Cir.2003) ("[A]n inquiry is discretionary where it is a subjective question that depends on the value judgment of the person or entity examining the issue." (citation and quotation marks omitted)).

We also lack jurisdiction because Reyes is removable by reason of his criminal offense. *See* 8 U.S.C. § 1252(a)(2)(C).

**PETITION DISMISSED.**