

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-9-2008

# Jie v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3583

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jie v. Atty Gen USA" (2008). *2008 Decisions.* Paper 865.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/865

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3583
_____

SEN WOE JIE,
                     Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A90 274 431
Immigration Judge: Donald Vincent Ferlise

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 9, 2008
Before:   BARRY, SMITH and HARDIMAN, Circuit Judges

(Opinion filed July 9, 2008)
_____

OPINION
_____

PER CURIAM

      Sen Wo Jie petitions for review of an order of the Board of Immigration Appeals

(BIA or Board), which denied him relief from removal pursuant to former 8 U.S.C.

§ 1182(c) [Immigration and Nationality Act (INA) § 212(c)]. For the reasons that follow,

we will deny the petition in part and dismiss it in part.

The facts are well-known to the parties, so we will not recount them here at length. Jie, a native and citizen of Indonesia, entered the United States in 1980. He subsequently became a lawful permanent resident in 1989. On April 8, 1994, Jie was charged as being removable for having committed two or more crimes of moral turpitude; i.e., bank fraud, tax evasion, and use of a false Social Security number. Jie conceded removability and applied for relief under 8 U.S.C. § 1182(c).[1] He was subsequently found to be an aggravated felon. After two appeals to the Board, and two remands, Jie had a hearing, and the Immigration Judge (IJ) denied § 1182(c) relief. In a thorough opinion, the BIA agreed with the IJ's denial of relief. Through counsel, Jie then filed a timely petition for review.

Under former § 1182(c),[2] removable aliens could request discretionary relief from removal. Favorable factors, in relevant part, include the alien's family ties in the United States, the length of the residency, hardship to the family, service to the community, proof of genuine rehabilitation, and history of employment. Negative factors include the nature, recency, and seriousness of the criminal record or other evidence of bad character. Matter of Marin, 16 I&N Dec. 581, 584 (BIA 1978). The BIA has held that a serious

_____

[1] Jie had also applied for withholding of removal, but because his brief does not raise any challenge to the denial of withholding of removal, only denial of § 1182(c) relief is at issue here. Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).

[2] Because Jie pled guilty before the effective dates of AEDPA and IIRIRA, relief under § 1182(c) was still available to him. INS v. St. Cyr, 533 U.S. 289 (3d Cir. 2001).

crime may require the alien to show unusual or outstanding equities in his favor to have a favorable exercise of discretion considered. Matter of Buscemi, 19 I&N Dec. 628, 633 (BIA 1988).

The BIA agreed with the IJ's denial of § 1182(c) relief as a matter of discretion. Under the REAL ID Act, we have jurisdiction to review questions of law or constitutional issues raised in a petition for review filed by an alien who has committed certain crimes, such as Jie's. 8 U. S.C. § 1252(a)(2)(D). However, we lack jurisdiction to consider denials of discretionary relief under section 1182(c). See 8 U.S.C. § 1252(a)(2)(B)(ii). Jie argues that the IJ and BIA committed legal errors in denying him § 1182(c) relief. The government argues that Jie is trying to recast his challenge to the discretionary decision as a legal issue. We agree with the Government that, despite Jie's attempt to frame his arguments within the rubric of legal and constitutional issues, his claims directly relate to the BIA's exercise of discretion in determining that section 1182(c) relief is not merited in his case.

First, Jie contends that the IJ and BIA wrongly determined that his crimes were of particular seriousness such that Jie needed to show unusual or outstanding equities. However, the IJ noted that "[d]ue to the paucity of evidence presented by the respondent, the Court's decision would be the same even had the Court found that the nature of his equities need not have reached the level of unusual or outstanding." App. at 21. In a footnote, the BIA noted that "even assuming that the respondent is not subject to the heightened standard of showing unusual or outstanding equities, we agree with the

3

Immigration Judge's alternative decision that the equities in question do not sufficiently counterbalance the negative factors in his case." App. at 9. Thus, this argument is without merit.

Next, Jie argues that the IJ and the BIA failed to consider favorable factors–Jie's community ties, his prior stable employment, and impact of removal on his family. Jie's wife and adult children testified that Jie was very helpful and supportive of members of their Indonesian-Chinese church. They also mentioned how it would be hard on the family if Jie were to be removed. The IJ noted that these were relevant factors before noting that he had not heard of any hardship anyone would suffer, or testimony of involvement in community and church activities from anyone besides Jie's family. App. at 19-20. The BIA also found that the IJ "weighed the equities presented–including his employment history, medical conditions, involvement in his church, and the testimonies provided by his family members–but concluded that such equities do not outweigh the negative factors in his case." App. at 9. Because the IJ and BIA explicitly considered these factors, Jie's argument is without merit. As noted, we lack jurisdiction to re-weigh these factors.

Finally, Jie challenges the IJ's reliance on testimony regarding Jie's restitution payments in connection with his criminal case.[3] At the hearing, the IJ had questioned Jie regarding how much restitution per month he had paid. App. at 290-91. In his opinion,

_____

[3] Jie had been ordered to pay restitution in the amount of approximately $495,000.

4

the IJ noted that Jie had told the Court that he paid less than $500 a month towards the restitution. App. at 15-16. An exhibit received into evidence included balance sheets showing that in fact, Jie paid exactly $100 each month during his three-year period of supervision. App. at 1045-47. The exhibit showed that Jie had paid only $3400 towards his restitution. App. at 1043. After describing the evidence of the money actually paid, the IJ concluded that Jie's testimony was not truthful. App. at 16. We lack jurisdiction to consider the IJ's factual finding that Jie was not truthful. Kamara v. Attorney General, 420 F.3d 202, 211 (3d Cir. 2005).

Moreover, it appears from the opinion that the IJ was more concerned with the amount paid towards restitution, which may reflect a lack of accountability, and not Jie's misrepresentation of that amount. The BIA noted that Jie did not show sorrow or contrition for his crimes and agreed with the IJ that Jie attempted to absolve himself of culpability. App. at 9. This is a factor that is properly considered in determining whether relief should be granted as a matter of discretion. Matter of Marin, 16 I&N Dec. at 584.

We will dismiss the petition for review to the extent that Jie seeks review of the BIA's discretionary decision. We will otherwise deny the petition, as we discern no errors of law.

5