**Andres ALMONTE, Petitioner,**

**v.**

Michael B. MUKASEY,* United States Attorney General, Respondent.

No. 06–1928–ag.

United States Court of Appeals, Second Circuit.

July 31, 2008.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as respondent in this case.

Scott Messinger, Gladstein & Messinger, Esqs., Forest Hills, NY, for Petitioner.

E. Bryan Wilson, Assistant United States Attorney for Gregory R. Miller, United States Attorney, Northern District of Florida, Tallahassee, FL, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. WALKER and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Andres Almonte, a citizen of the Dominican Republic and a lawful permanent resident of the United States, petitions this Court for review of a decision of the Board of Immigration Appeals ("BIA") denying his application for a waiver of inadmissibility under now-repealed section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). *In re Almonte,* No. A40–072–522 (B.I.A. Mar. 27, 2006). The BIA's decision affirmed the decision of Immigration Judge ("IJ") Gabriel Videla denying Almonte's petition. *In re Almonte,* No. A40–072–522 (Immig. Ct. N.Y. City Oct. 13, 2004) ("IJ Decision"). We assume the parties' familiarity with the underlying facts, procedural history, and issues raised in this petition.

In his petition, Almonte raises three challenges to the agency's decision: (1) He contends that the IJ used the wrong legal standard to determine whether to exercise his discretion to grant a waiver; (2) he contends that the IJ erroneously found that he committed two crimes after he was found inadmissible at the airport in October 2000, when, in fact, he had committed only one; and (3) he contends that the BIA should have issued an opinion rather than affirming without one.

We lack jurisdiction under 8 U.S.C. § 1252(a)(2)(C) to review final orders of removal against aliens deemed removable because of prior criminal convictions, and under 8 U.S.C. § 1252(a)(2)(B)(ii) to review purely discretionary decisions by the Attorney General, "subject to the exception set forth in 8 U.S.C. § 1252(a)(2)(D), which restores our jurisdiction to review 'constitutional claims or questions of law,'" *Khan v. Gonzales,* 495 F.3d 31, 34 (2d Cir.2007).

We may not assert jurisdiction based solely on the ability of an alien to frame his argument as though it were a constitutional claim or question of law. We must

> study the arguments asserted … to determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction, or whether it instead raises a "constitutional claim" or "question of law," in which case the court could exercise jurisdiction to review those particular issues.

*Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006) (footnote omitted).

Almonte does not contest that he is removable because of his 1992 attempted robbery conviction, which triggers the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(C). And the agency's decision to deny a section 212(c) waiver of inadmissibility is a discretionary decision that we also lack jurisdiction to review under 8 U.S.C. § 1252(a)(2)(B)(ii). *See Avendano–Espejo v. Dep't of Homeland Sec.,* 448 F.3d 503, 505 (2d Cir.2006).

Thus, unless Almonte raises a "constitutional claim[ ] or question[ ] of law," 8 U.S.C. § 1252(a)(2)(D), we must dismiss his petition for lack of jurisdiction.

■ As to the first issue raised in his petition, Almonte argues that the IJ erred as a matter of law by treating "unusual or outstanding equities" as a threshold showing that he must satisfy in order to merit the section 212(c) waiver, rather than, as the BIA later made clear in *Matter of Edwards,* 20 I. & N. Dec. 191, 196 n. 3 (B.I.A.1990), the kind of showing required only if the negative factors relating to an alien's application are very serious. In *Khan,* we determined that, following *Xiao Ji Chen,* we did have jurisdiction to review the petitioner's argument that the IJ "improperly imposed a heightened legal standard by requiring that [the petitioner] demonstrate 'unusual or outstanding equities' that would overcome the seriousness of his prior convictions" because the argument raised a question of law. *Khan,* 495 F.3d at 35. Almonte argues that the IJ made the same error alleged by the petitioner in *Khan;* therefore, under *Khan* and *Xiao Ji Chen,* we have jurisdiction to review this alleged error.

In considering whether to exercise its discretion to grant a petitioner's request for a section 212(c) waiver of inadmissibility, an IJ must "balanc[e] ... the social and humane considerations presented in an alien's favor against the adverse factors evidencing his undesirability as a permanent resident." *Matter of Edwards,* 20 I. & N. Dec. at 195. "[A]s the negative factors grow more serious, it becomes incumbent upon the alien to introduce additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equities." *Id.* In *Matter of Buscemi,* 19 I. & N. Dec. 628 (B.I.A. 1988), the BIA had stated that "an alien who demonstrates unusual or outstanding equities, as required, merely satisfies the threshold test for having a favorable exercise of discretion considered in his case." *Id.* at 634. In *Matter of Edwards,* the BIA noted that its statement in *Matter of Buscemi* could be "misleading, as it might be read to imply that a full examination of an alien's equities can somehow be pretermitted." 20 I. & N. Dec. at 196 n. 3. To the contrary, the BIA said, "a proper determination as to whether an alien has demonstrated unusual or outstanding equities can only be made after a complete review of the favorable factors in his case." *Id.*

■ Here, although the IJ did cite the "misleading" language from *Matter of Buscemi,* it appears from the record that in fact he applied the proper standard from *Matter of Edwards,* reviewing and balancing all the relevant factors in Almonte's case. We conclude, therefore, that the IJ did not err as a matter of law in weighing the equities in Almonte's case.

■ As to the second issue Almonte raises, we conclude that we lack jurisdiction to review his contention that the IJ erroneously found that he had committed two crimes after he was found inadmissible at the airport, rather than one. In *Khan* we held that the IJ's "unambiguous misstatement" of the record—in that case, asserting that the petitioner had multiple drug convictions rather than a single drug conviction with multiple counts—presented a question of law because the IJ's "factfinding [was] 'flawed by an error of law.'" 495 F.3d at 36 (quoting *Xiao Ji Chen,* 471 F.3d at 329). The IJ in this case did not unambiguously state that Almonte had committed two crimes after he was found inadmissible at the airport; at all times the IJ correctly referenced the relevant dates of conviction. Because Almonte does not point to any "unambiguous misstatement of pertinent facts in the record," *id.,* we

lack jurisdiction to review his contention that the IJ erred in his consideration of Almonte's criminal record.

■ Finally, Almonte argues that the BIA's decision to decide his appeal without opinion was a violation of his due process rights. Looking to determine whether he is making what may be properly characterized as a constitutional claim, we conclude that the substance of his contention is no more than that the BIA failed to comply with its own regulations in handling his claims on appeal. That alone would not be a constitutional violation, and we are without jurisdiction to review the BIA's decision in this regard. *See id.*

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, we deny Almonte's motion for a stay of removal as moot.