[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16635
Non-Argument Calendar

_____

Agency No. A037-178-693

EDUARDO A. JULIEN,

                                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 13, 2017)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Eduardo Julien seeks review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of his application for a waiver of inadmissibility.  Julien asserts the IJ misstated and misapplied the holding from the BIA's decision in *Matter of Buscemi*, 19 I&N Dec. 628 (BIA 1988), and the IJ wrongly balanced the equities in his case.  Julien also contends substantial evidence did not support the IJ's adverse credibility finding.  After review, we dismiss in part and deny in part.

## I.  DISCUSSION

### A.  *Jurisdiction*

Under 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review any final removal order against an alien who is removable by reason of having committed, among other things, an aggravated felony, as defined by 8 U.S.C. § 1101(a)(43), under 8 U.S.C. § 1227(a)(2)(A)(iii).  Moreover, we also lack jurisdiction to review decisions regarding removability that have been left to the discretion of the Attorney General.  8 U.S.C. § 1252(a)(2)(B)(ii).  A decision to grant or deny a waiver of inadmissibility[1] is left to the discretion of the Attorney General.  *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1283 (11th Cir. 2007).

---

[1]  Under former 8 U.S.C. § 1182(c), lawful permanent residents who were removable due to certain criminal convictions were eligible for a discretionary waiver of inadmissibility. *See* 8 U.S.C. § 1182(c).  Although this statute was effectively repealed in 1990, it remains available to aliens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § [1182(c)] relief at the time of their plea under the law then in effect." *INS v. St. Cyr*, 533 U.S. 289, 296, 326 (2001).

2

If a statutory bar to review applies, we nonetheless retain jurisdiction to consider constitutional challenges and questions of law arising out of the alien's removal proceedings. *See* 8 U.S.C. § 1252(a)(2)(D). An alien has no constitutional right to discretionary relief or to be eligible for discretionary relief from removal. *See, e.g.*, *Balogun v. U.S. Att'y Gen.*, 304 F.3d 1303, 1311 (11th Cir. 2002). A petitioner must allege a colorable constitutional violation to overcome the jurisdictional bar, otherwise, we do not have jurisdiction over discretionary relief. *Arias*, 482 F.3d at 1284.

We generally lack jurisdiction to review Julien's order of removal because he was ordered removed based on his conviction for an aggravated felony, as defined in 8 U.S.C. § 1227(a)(2)(iii). *See* 8 U.S.C. § 1252(a)(2)(C). Thus, to the extent Julien asserts the IJ did not properly weigh the facts in his case, he makes a "garden-variety" abuse of discretion argument over which this Court lacks jurisdiction. *See Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1196-97 (11th Cir. 2008) (explaining a "garden-variety abuse of discretion argument" the IJ failed to properly weigh the factual scenario the alien presented does not preset a legal question). We dismiss Julien's petition as to his abuse of discretion argument.

We also lack jurisdiction to review the IJ's credibility determination because Julien is removable as an alien convicted of an aggravated felony, and 8 U.S.C. § 1252(a)(2)(C) strips courts of jurisdiction to review orders of removal as to such

aliens.  We have jurisdiction to review only constitutional claims and questions of law, and as such, cannot review Julien's argument challenging the IJ's adverse credibility conclusion, which is a factual determination.  *See Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254-55 (11th Cir. 2006) (providing we review factual determinations, which include credibility determinations, under the substantial evidence test).  Accordingly, we dismiss the petition in this respect.

*B.*  Matter of Buscemi

Julien also contends the IJ misstated and misapplied the holding in *Matter of Buscemi*.  This is a question of law over which we have jurisdiction.  8 U.S.C. § 1252(a)(2)(D).

In *Matter of Buscemi*, the BIA held when deciding whether to grant a waiver of inadmissibility, an IJ must consider all of the facts and circumstances involved, and must balance the social and human considerations presented in an alien's favor against the adverse factors evidencing his flaws as a permanent resident.  *Matter of Buscemi*, 19 I&N Dec. 628, 633 (1988).  The BIA further explained "as negative factors grow more serious, it becomes incumbent upon the alien to introduce additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equities."  *Id.*  The BIA noted such a heightened showing is required for where an alien has been convicted of a serious drug offense, or "may be mandated because of a single serious crime."  *Id.* at 633-34.  The BIA also

4

noted even where an alien demonstrates unusual and outstanding equities exist, such a showing does not compel the IJ to exercise that discretion in his favor. *Id.* at 634.

The IJ, in denying Julien's request for waiver of inadmissibility, concluded that, pursuant to *Matter of Buscemi*, he must establish unusual and outstanding equities to outweigh his manslaughter conviction, which the IJ determined was a violent crime and "a powerful adverse factor." The IJ then provided a detailed explanation of the facts, and explained why Julien had not presented equities sufficient to outweigh his manslaughter conviction, and denied his request for relief. While Julien is correct that *Matter of Buscemi* does not categorically require that all waiver of inadmissibility applicants establish unusual or outstanding equities, the BIA's decision makes clear that should the IJ decide an alien's prior conviction is serious, then the alien can be made to establish unusual or outstanding equities to warrant relief from removal. *See Matter of Buscemi*, 19 I&N Dec. at 633-34. The IJ specifically concluded Julien's manslaughter conviction was a very violent and serious offense, and thus, it was proper for the IJ to require he demonstrate unusual and outstanding equities in support of his request for a waiver of inadmissibility. *See id.* The IJ made no legal error in its application of *Matter of Buscemi*. Accordingly, we deny the petition in this respect.

## II.  CONCLUSION

Accordingly, we dismiss in part, and deny in part.

**Petition DISMISSED in part, and DENIED in part.**