**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| FULGENCIO RODRIGUEZ JIMENEZ, | No. 21-740 |
| Petitioner, | Agency No. A073-923-004 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2024**
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and HINDERAKER, District Judge.***

Petitioner Fulgencio Rodriguez Jimenez, a native and citizen of Mexico,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable John Charles Hinderaker, United States District Judge for the District of Arizona, sitting by designation.

petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") order denying Rodriguez Jimenez's applications for cancellation of removal and adjustment of status. The agency declined to exercise its discretion to grant relief on either application. We have jurisdiction to determine our jurisdiction, notwithstanding 8 U.S.C. § 1252(a)(2)(B)(i). *See Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). "Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (internal quotation marks and citation omitted). The facts are familiar to the parties, so we do not restate them. We dismiss the petition for lack of jurisdiction.

1. Even if a noncitizen qualifies for cancellation of removal or adjustment of status, both those forms of relief still require the agency to decide that the petitioner merits a favorable exercise of discretion. *See* 8 U.S.C. §§ 1229a(c)(4)(A)(ii), 1229b(b)(1), 1255(i); *Patel v. Garland*, 596 U.S. 328, 332 (2022). We do not have jurisdiction to review a "factual challenge" brought by a noncitizen "to orders denying discretionary relief, including cancellation of removal [and] adjustment of status . . . ." *Nasrallah v. Barr*, 590 U.S. 573, 587 (2020) (citing *Kucana v. Holder*, 558 U.S. 233, 248

(2010)).  Upon *de novo* review, the BIA dismissed Rodriguez Jimenez's applications for cancellation of removal and adjustment of status, with both dismissals as a matter of discretion, after finding that Rodriguez Jimenez did not sufficiently appreciate the seriousness and wrongfulness of his misdemeanor conviction for kissing a 9-year-old neighbor girl who was a classmate of one of his children.  Rodriguez Jimenez's petition challenges these findings by contending that the BIA erred by not balancing the equities in his favor despite evidence of positive factors, which amounts to a factual challenge to the agency's discretion.  Such "claims fall well within the BIA's discretionary authority and are not subject to our review."  *See Mejia v. Gonzalez*, 499 F.3d 991, 999 (9th Cir. 2007) (concluding there was a lack of jurisdiction when petitioner claimed that BIA in its discretion did not sufficiently consider the petitioner's rehabilitation).  Because Rodriguez Jimenez only challenges decisions by the BIA that depended in part on the agency's exercise of its discretion, we dismiss the petition for lack of jurisdiction.  *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Nasrallah*, 590 U.S. at 587; *see also* 8 U.S.C. §§ 1229b, 1255; *Patel*, 596 U.S. at 331; *Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1153 (9th Cir. 2015); *Mejia*, 499 F.3d at 999.

2. To the extent that the petition raises a colorable legal question, including a mixed question of law and fact, we have jurisdiction to review the issue.  8

U.S.C. § 1252(a)(2)(D); *see Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 225 (2020) (holding that the phrase "questions of law" under subsection (D) "includes the application of a legal standard to undisputed or established facts"); *Hernandez v. Ashcroft*, 345 F.3d 824, 833–34, 847 (9th Cir. 2003) (stating that applying law to factual determinations is not discretionary and courts can review questions about the BIA's legal authority); *Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012) (holding that the jurisdiction stripping provisions of 8 U.S.C. § 1252(a)(2)(B)(i) do not apply where the petitioner raises a question of law, such as whether the BIA acted within its regulatory authority). As such, to the extent that Rodriguez Jimenez raises a colorable legal claim by contending that the agency was biased in requiring him to admit to wrongdoing in order to garner a favorable grant of discretion, we can review his petition. *See* 8 U.S.C. § 1252(a)(2)(D); *Guerrero-Lasprilla*, 589 U.S. at 224–25; *Hernandez*, 345 F.3d at 833–34, 847; *Ridore*, 696 F.3d at 911.

In its *de novo* review of Rodriguez Jimenez's petition, after "considering all of the positive factors," the BIA was not persuaded that Rodriguez Jimenez "appreciate[d] the seriousness and wrongfulness" of his criminal conduct. Rodriguez Jimenez's petition is correct that the agency cannot require a petitioner to show rehabilitation as a prerequisite to its

discretionary grant of relief; however, the agency has the authority to consider rehabilitation among all of the positive and adverse factors in the record. *See Rashtabadi v. I.N.S.*, 23 F.3d 1562, 1571 (9th Cir. 1994); *see also Paredes-Urrestarazu v. I.N.S.*, 36 F.3d 801, 816–17 (9th Cir. 1994). The BIA here acted within its authority by considering whether Rodriguez Jimenez appreciated the nature of his conduct, among all positive and adverse factors, when deciding whether to exercise its discretion to grant him relief. *See Rashtabadi*, 23 F.3d at 1570–71 ; *see also Paredes-Urrestarazu*, 36 F.3d at 816–17; *Matter of Buscemi*, 19 I. & N. Dec. 628, 633–34 (BIA 1988); *In re C-V-T-*, 22 I. & N. Dec. 7, 11–12 (BIA 1998).

**PETITION DISMISSED.**  The stay of removal remains in place until the mandate issues.