**Ruben NUNEZ–PENA, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 91–9510.

United States Court of Appeals, Tenth Circuit.

Feb. 6, 1992.

---

Daniel M. Kowalski, Denver, Colo., for petitioner.

Stuart M. Gerson, Asst. Atty. Gen., and Robert Kendall, Jr., Asst. Director Office of Immigration Litigation, for respondent.

Before MOORE, TACHA and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Petitioner Ruben Nunez–Pena seeks review of a Board of Immigration Appeals (BIA) decision affirming an immigration judge's denial of his application for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c).[1] We have jurisdiction pursuant to 8 U.S.C. § 1105a. We deny the Petition for Review.

Petitioner is a thirty-seven year-old Mexican citizen who has lived in the United States for about twelve years. In August 1987, Petitioner was convicted in the United States District Court for the District of Colorado for using a telephone to discuss the payment of money for and delivery of heroin in violation of 21 U.S.C. § 843(b), and for knowingly falsifying his income tax return to hide $20,000.00 of income from the sale of heroin in violation of 26 U.S.C. § 7206(1). Petitioner was sentenced to prison for a total of six years. After serving nearly two years, Petitioner was released on parole.

Shortly after his conviction, the Immigration and Naturalization Service (INS) charged Petitioner with deportability under § 241(a)(11) of the INA, 8 U.S.C. § 1251(a)(11).[2] An immigration judge found Petitioner deportable and denied his application for a waiver of deportation under § 212(c).[3] The BIA affirmed.

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. Under § 241(a)(11):

Any alien in the United States ... shall, upon order of the Attorney General, be deported who—

11) is, or hereafter at any time after entry has been a narcotic drug addict, or who at any time has been convicted of a violation of, or conspiracy to violate, any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substance Act).

8 U.S.C. § 1251(a)(11) (1988). Petitioner concedes that he is deportable under this provision.

3. Under § 212(c):

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under any order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted at the discretion of the Attorney General.

8 U.S.C. § 1182(c) (1988). On its face, this provision seems to apply only to exclusion proceedings. However, it has uniformly been found applicable to deportation proceedings as well. *See Variamparambil v. INS,* 831 F.2d 1362, 1364 n. 1 (7th Cir.1987); *Chiravacharadhikul v. INS,* 645 F.2d 248, 248 n. 1 (4th Cir.), *cert. denied,* 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981); *Tapia–Acuna v. INS,* 640 F.2d 223, 224 (9th Cir.1981).

## I.

■ In support of his Petition for Review, Petitioner first argues that the BIA erred by requiring him to show "unusual or outstanding equities" before relief under § 212(c) could be granted. The BIA exercises its discretion under § 212(c) by "balanc[ing] the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf." *In re Marin,* 16 I. & N. Dec. 581, 584 (BIA 1978). Where an applicant for § 212(c) relief has engaged in serious criminal conduct, such as drug trafficking, the BIA requires the applicant to "introduce additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equities." *In re Buscemi,* 19 I. & N. Dec. 628, 633 (BIA 1988); *see also Marin,* 16 I. & N. at 585. Specific factors which the BIA considers to be outstanding equities include the length of the applicant's residence in this country, his immediate family's residence here, his close family ties, and a history of gainful employment. *Buscemi,* 19 I. & N. at 634.

■ Petitioner argues that the BIA could not validly apply the "outstanding equities" standard articulated in *Buscemi* and *Marin* because it was established through adjudication rather than through the rulemaking procedures under the Administrative Procedure Act (APA), 5 U.S.C. §§ 552, 553. Other circuits have recognized the heightened standard under *Buscemi* and *Marin,* but have not considered the precise argument made by Petitioner. *See, e.g., Cordoba–Chaves v. INS,* 946 F.2d 1244, 1246–47 (7th Cir.1991); *Blackwood v. INS,* 803 F.2d 1165, 1168 (11th Cir.1986).

We conclude that the "outstanding equities" standard was properly formulated by the INS through the course of issuing adjudicatory opinions. An agency "is not precluded from asserting new principles in an adjudicative proceeding." *NLRB v. Bell Aerospace Co.,* 416 U.S. 267, 294, 94 S.Ct. 1757, 1771, 40 L.Ed.2d 134 (1974). "Adjudicated cases may and do ... serve as vehicles for the formulation of agency policies, which are applied and announced therein." *NLRB v. Wyman–Gordon,* 394 U.S. 759, 765, 89 S.Ct. 1426, 1429, 22 L.Ed.2d 709 (1969). The Supreme Court has consistently held that "the choice made between proceeding by general rule or by individual, *ad hoc* litigation is one that lies primarily in the informed discretion of the administrative agency." *SEC v. Chenery Corp.,* 332 U.S. 194, 203, 67 S.Ct. 1575, 1580, 91 L.Ed. 1995 (1947); *accord Bell Aerospace,* 416 U.S. at 294–95, 94 S.Ct. at 1771–72. Thus, the INS was empowered to articulate standards for the exercise of its discretion under § 212(c) by adjudication in *Buscemi* and *Marin. See Stoller v. Commodity Futures Trading Comm'n,* 834 F.2d 262, 265 (2d Cir.1987) ("An agency is free ... to interpret its governing statute case by case through adjudicatory proceedings rather than by rulemaking.").

■ We note that "there may be situations where the [agency's] reliance on adjudication would amount to an abuse of discretion or a violation of the [APA]." *Bell Aerospace,* 416 U.S. at 294, 94 S.Ct. at 1771. However, this is not such a case. Unlike *Patel v. INS,* 638 F.2d 1199, 1202 (9th Cir.1980), this case does not involve a situation where the INS used adjudication to add a requirement to a regulation which had been expressly discarded during a prior rulemaking proceeding. Nor is this case like *Ruangswang v. INS,* 591 F.2d 39, 43–44 (9th Cir.1978), where the INS suddenly changed its policy in an adjudicatory opinion and caused undue hardship to those who had relied on past policy. *Buscemi* and *Marin* were decided well before Petitioner sought relief under § 212(c). Thus, Petitioner had adequate notice of the principles used to adjudicate his application.[4]

---

4. We need not consider Petitioner's passing reference to the "outstanding equities" standard as vague. A litigant who mentions a point in passing and fails to press it by supporting it with pertinent authority, or by showing why it is sound despite the lack of supporting authority, forfeits the point. *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir. 1990).

## II.

■ Petitioner does not question whether his criminal conduct was serious enough to justify application of the outstanding equities standard. Instead, Petitioner next argues that even if the standard is valid, it was misapplied by the BIA to his case. We review the BIA's balancing of the equities for § 212(c) relief for abuse of discretion. *Joseph v. I.N.S.*, 909 F.2d 605, 607 (1st Cir.1990); *Vargas v. I.N.S.*, 831 F.2d 906, 908 (9th Cir.1987). The denial of § 212(c) relief "will be upheld unless it was made without a rationale explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Joseph*, 909 F.2d at 607 (quoting *McLean v. I.N.S.*, 901 F.2d 204, 205 (1st Cir.1990)).

■ We cannot say that the BIA abused its discretion in denying Petitioner's request for waiver of deportation. In its decision, the BIA properly recognized the relevant factors. Specifically, the BIA took into account the fact that Petitioner has maintained residence in the United States for ten years and has family ties here. The BIA also noted that Petitioner has shown progress toward rehabilitation and a record of steady employment. The BIA, however, concluded that these factors were offset by other factors. The BIA noted that Petitioner was incarcerated for two of his ten years in the United States, and that both his common-law wife, who is the mother of his four children, and his brother were involved in his drug activity. The BIA further noted that Petitioner's presentence report stated that his mother and sister are illegally in the United States.[5] Finally, the BIA observed that Petitioner writes and speaks Spanish, received his education in Mexico, including a high school diploma and one year at a university, and has a sibling and his father living in Mexico.

Petitioner asserts that the BIA abused its discretion by giving inadequate weight to the hardship of deportation on his children and by giving inordinate weight to his fluency in Spanish and the presence of his father and a sibling in Mexico. All we need say with respect to these assertions is that Congress has entrusted to the Attorney General, not the courts, the responsibility for weighing the favorable and unfavorable factors. *See id.* In this case, the BIA considered all relevant favorable and unfavorable factors. Although disagreeable from Petitioner's point of view, the BIA's disposition of his request for discretionary relief under § 212(c) did not lack a rational basis. Rather, Petitioner simply advocates that we substitute his treatment of the relevant factors for that of the BIA. This we cannot do.

Accordingly, the Petition for Review is DENIED.

---

5. Petitioner argues that the BIA erred in relying on his presentence report in the face of conflicting evidence provided by his mother and sister at his deportation hearing. Apparently, the BIA chose to credit Petitioner's presentence report over the conclusory, self-serving assertions of Petitioner's mother and sister, which were not supported by any official documentation. Because there is evidence in the record arguably supporting either side of the issue, we cannot say the BIA's determination is not supported by substantial evidence. *See McLean*, 901 F.2d at 205.