9 F.3d 117
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cyriacus Chigozie OHAYA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-9504.
 United States Court of Appeals, Tenth Circuit.
 Nov. 1, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Cyriacus Chigozie Ohaya, a native of Nigeria, seeks review of the decision of the Bureau of Immigration Appeals (BIA) denying his petition to reopen his deportation hearing. Mr. Ohaya was previously denied relief from deportation under 8 U.S.C.A. 1254(a)(1) (West Supp.1993). We previously considered and affirmed that denial. Ohaya v. INS, slip op. no. 92-9527 (10th Cir. Dec. 18, 1992).
 
 
 3
 The instant petition to reopen is based on Mr. Ohaya's recent appointment as a ministerial servant in his Jehovah's Witnesses congregation. The BIA denied the petition, concluding that the proffered appointment was insufficient to establish extreme hardship and that its possibility had already been considered during the original proceeding. We affirm.
 
 
 4
 Mr. Ohaya entered the United States legally on a student visa in 1982 and failed to depart upon completing his studies in 1988, when he obtained his civil engineering degree. Mr. Ohaya works in a hotel as a kitchen cleaner and dishwasher. He has not married, and his parents and eight siblings live in Nigeria. Mr. Ohaya, who is now twenty-nine years old, has been extremely active as a Jehovah's Witness since 1987. In his original petition under section 1254(a)(1), Mr. Ohaya asserted the strong ties he has established in the Denver Jehovah Witness congregation. He further stressed that his deep religious convictions require him to support his parents, and that if forced to return to Nigeria's strained economy, he would likely become a burden to his parents in contradiction to the tenets of his religion. Two members of his congregation testified in his behalf, noting his significant contribution to the congregation. Evidence was also adduced that there are Jehovah Witness congregations in Nigeria.
 
 
 5
 After the original denial by the BIA based on Mr. Ohaya's failure to show extreme hardship, Mr. Ohaya filed this petition to reopen. A motion to reopen will be denied unless it is sought on the basis of circumstances that have arisen subsequent to the original hearing. See INS v. Rios-Pineda, 471 U.S. 444, 446 (1985). The BIA found the proffered circumstance inadequate, concluding,
 
 
 6
 the "new" evidence is insufficient to establish extreme hardship. As noted by the respondent in his motion to reopen, the respondent's appointment as a ministerial servant was discussed as a possibility at deportation proceedings before the immigration judge. The presiding overseer of the respondent's congregation testified at the hearing that the respondent would no doubt be recommended as a ministerial servant the next time a circle of overseers should visit.
 
 
 7
 Decision of the BIA, Nov. 30, 1993.
 
 
 8
 When BIA refusal to reopen is based on failure to establish a prima facie case for the relief sought or upon failure to introduce previously unavailable, material evidence, the standard of review is abuse of discretion. INS v. Doherty, --- U.S. ----, 112 S.Ct. 719, 724 (1992); Riasati v. INS, 738 F.2d 1115, 1118 (10th Cir.1984). See also Turri v. INS 997 F.2d 1306, 1311 (10th Cir.1993).
 
 
 9
 Our review of the record satisfies us that the BIA examiner has considered all of the factors[2] and arguments raised by the petitioner, and we find that the BIA did not abuse its discretion.
 
 
 10
 Accordingly, the decision denying Mr. Ohaya's petition to reopen is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 In his first appeal and again in this appeal, Petitioner asserts that deportation violates his First Amendment right to practice religion. The assertion is unsupported by any argument, fact or legal authority. Even if he were not precluded from bringing this up again, the bald assertion would fail. "A litigant who mentions a point in passing and fails to press it by supporting it with pertinent authority, or showing why it is sound despite the lack of supporting authority, forfeits the point." Nunez-Pena v. INS, 956 F.2d 223, 225 n. 4 (10th Cir.1992)