13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jose Alonso Nevarez-Lujan, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-9533.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1993.
 
 ORDER AND JUDGMENT[1]
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Petitioner's Request for Oral Argument is denied, and the case is ordered submitted on the briefs.
 
 
 2
 Petitioner Jose Alonso Nevarez-Lujan seeks review of a Board of Immigration Appeals (BIA) decision affirming an immigration judge's denial of his application for discretionary relief from deportation pursuant to section 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c).
 
 
 3
 Relief under section 212(c) is left to the discretion of the Attorney General. 8 U.S.C. 1182(c). We review the BIA's decision to deny Petitioner's application for section 212(c) relief for an abuse of discretion. Nunez-Pena v. INS, 956 F.2d 223, 226 (10th Cir.1992).[2]
 
 
 4
 Petitioner argues that the BIA erred in requiring him to show "unusual or outstanding equities" justifying a waiver of deportation. Petitioner claims that this decision conflicted with the BIA's decision in another, unpublished decision. Unpublished decisions of the Board are not precedential. 8 C.F.R. 3.1(g). We do not find any abuse of discretion in the Board's decision to require Petitioner to show unusual or outstanding equities. Moreover, we note that the Board did in fact find that Petitioner had shown such equities, but determined that they were outweighed by Petitioner's crimes. Because the Board found that Petitioner had demonstrated outstanding equities, any alleged error in requiring such a showing would be harmless.
 
 
 5
 Petitioner next argues that the BIA failed to consider all relevant factors in exercising its discretion to deny section 212(c) relief. The Board "has no duty to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Becerra-Jiminez v. INS, 829 F.2d 996, 1000 (10th Cir.1987) (quoting Osuchukwu v. INS, 744 F.2d 1136, 1142-43 (5th Cir.1984)). We hold that the BIA has met this standard.
 
 
 6
 Finally, Petitioner argues that the Board improperly weighed the equities in his case, especially in light of the Board's decision in its prior unpublished decision. Congress has delegated to the Attorney General, not the courts, the responsibility for weighing the favorable and unfavorable factors in deciding whether to grant relief under section 212(c). We cannot substitute Petitioner's weighing of the factors for that of the Board. See Nunez-Pena, 956 F.2d at 226. We hold that the BIA did not abuse its discretion in denying relief in this case.
 
 
 7
 The Petition for Review is DENIED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Petitioner argues that other circuits have held that this standard of review is much stricter in section 212(c) cases than in other cases, citing Diaz-Resendez v. INS, 960 F.2d 493 (5th Cir.1992). Even under Diaz, however, the court should reverse the BIA's decision only "when it is without rational explanation, or inexplicably departs from established policies[, or] fails to address meaningfully all material factors extant." Id. at 495. Even under the Diaz formulation, we hold that there was no abuse of discretion