16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Celestino ORTIZ-BARRERA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-9534.
 United States Court of Appeals, Tenth Circuit.
 Feb. 2, 1994.
 
 Before MOORE, ANDERSON and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Celestino Ortiz-Barrera petitions for review of a Board of Immigration Appeals ("BIA") decision affirming an immigration judge's denial of his application for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. 1182(c). We deny the petition for review and affirm the decision of the BIA.
 
 
 3
 Ortiz-Barrera is a 44-year old Mexican citizen who was admitted into the United States as a lawful permanent resident in 1976. In 1979, he was convicted by a Kansas jury of second degree murder and three counts of aggravated assault, and was sentenced to a prison term of ten to thirty years. On April 7, 1980, the INS issued an Order to Show Cause ("OSC") charging Ortiz-Barrera with deportability under INA 241(a)(4), 8 U.S.C. 1251(a)(4) (now 8 U.S.C. 1251(a)(2)(i)), as one who has been convicted of a crime involving moral turpitude within five years of entry into the United States and sentenced to confinement for a year or more.
 
 
 4
 An immigration judge found Ortiz-Barrera deportable and denied his application for a waiver of deportation under INA 212(c), 8 U.S.C. 1182(c). The BIA affirmed and this petition followed.
 
 Section 212(c) provides:
 
 5
 Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General....
 
 
 6
 8 U.S.C. 1182(c).[2] As we have acknowledged, while this section appears on its face to apply only to exclusion proceedings, "it has uniformly been found applicable to deportation proceedings as well." Nunez-Pena v. INS, 956 F.2d 223, 224 n. 3 (10th Cir.1992).
 
 
 7
 The statute makes explicit the discretionary nature of section 212(c) relief. In exercising that discretion, the BIA balances "the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf." Id. at 225 (quoting In re Marin, 16 I. & N. Dec. 581, 584 (BIA 1978)). Where a section 212(c) applicant "has engaged in serious criminal conduct ... the BIA requires the applicant to 'introduce additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equities.' " Id. at 225 (quoting In re Buscemi, 19 I. & N. Dec. 628, 633 (BIA 1988)). Such evidence includes "the length of the applicant's residence in this country, his immediate family's residence here, his close family ties, and a history of gainful employment." Id. at 225 (quoting Buscemi, 19 I. & N. Dec. at 634).
 
 
 8
 We review the BIA's decision to deny Ortiz-Barrera's application for section 212(c) relief for an abuse of discretion. Id. at 226. The denial of relief under section 212(c) " 'will be upheld unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.' " Id. at 226 (quoting Joseph v. INS, 909 F.2d 605, 607 (1st Cir.1990)).
 
 
 9
 Ortiz-Barrera argues that the BIA's decision is "inexplicable" because, after detailing the "positive equities" favoring a grant of section 212(c) relief, as well as the "adverse factors" disfavoring such relief, the BIA concluded that "the equities presented by the respondent in his behalf do not outweigh his violent crime so as to support a grant of section 212(c) relief." In re: Ortiz-Barrera, In Deportation Proceedings at 6, Admin. R. at 0007. We cannot say that the BIA abused its discretion in reaching that conclusion.
 
 
 10
 Ortiz-Barrera recites on appeal his "positive equities" but points to none which the BIA did not also consider. The BIA considered his "outstanding" progress towards rehabilitation, as well as his family ties here (a son who is a United States citizen) and the hardship which may result for both Ortiz-Barrera and his son if he is deported. However, the BIA also noted that Ortiz-Barrera was convicted of an indisputably serious crime (murder); he has substantial family ties in Mexico; while he has been living in the United States for 17 years, ten of those years were spent in prison for a crime he committed only two years after entry; and he "is healthy, and he is skilled and readily employable in Mexico." Id.
 
 As we recently observed:
 
 11
 Congress has entrusted to the Attorney General, not the courts, the responsibility for weighing the favorable and unfavorable factors. In this case, the BIA considered all relevant favorable and unfavorable factors. Although disagreeable from [Ortiz-Barrera's] point of view, the BIA's disposition of his request for discretionary relief under 212(c) did not lack a rational basis.
 
 
 12
 Nunez-Pena, 956 F.2d at 226. We will not "substitute [Ortiz-Barrera's] treatment of the relevant factors for that of the BIA." Id.
 
 
 13
 For the foregoing reasons, we DENY the petition for review and AFFIRM the decision of the BIA.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 As the INS points out, section 212(c) has been amended so that the waiver is inapplicable to an alien who has served "at least 5 years" "of imprisonment" for a conviction for "one or more aggravated felonies." 8 U.S.C. 1182(c). However, this amended version does not apply to Ortiz-Barrera, since he was admitted to the United States before the amendment's effective date