28 F.3d 112
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Miguel Alonso CONTRERAS-CANCHE, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-9553.
 United States Court of Appeals, Tenth Circuit.
 July 7, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Miguel Alonso Contreras-Canche appeals the June 23, 1993, decision of the Board of Immigration Appeals (BIA), denying his motion to reopen his deportation proceedings so that he may apply for suspension of deportation pursuant to 8 U.S.C. 1254(a)(1).[2] Because, upon review, we determine that the BIA failed to provide this court with sufficient bases for meaningful review of its decision to deny petitioner's motion, we remand for further proceedings.
 
 Facts
 
 3
 Petitioner, a forty-two-year-old Mexican national, was initially granted permanent resident status in the United States on November 16, 1978. At that time he was married to a United States citizen. This marriage ended in divorce, and, on October 17, 1981, petitioner married his current wife, Clara Contreras, also a Mexican national. The couple have two daughters, both born in the United States.
 
 
 4
 In 1981, petitioner was convicted of aiding and abetting aliens to elude examination and inspection by immigration officials. As a result, the Immigration and Naturalization Service (INS) issued an order to show cause as to why petitioner should not be considered deportable under the "smuggler for gain" section of the Immigration and Naturalization Act (INA), 8 U.S.C. 1251(a)(13). Following a hearing on April 4, 1984, at which time petitioner admitted deportability, he was granted voluntary departure until July 4, 1984. Petitioner did not appeal the deportation decision.
 
 
 5
 On July 3, 1984, one day before his voluntary departure period expired, petitioner filed a motion to reopen deportation proceedings. The immigration judge denied petitioner's motion on May 31, 1985. However, because petitioner was not served with the order of denial until March 1986, almost a year later, petitioner did not appeal the decision to the BIA until April 3, 1986. The BIA dismissed petitioner's appeal of the denial on February 14, 1990. Petitioner did not petition this court for review of the BIA's decision.
 
 
 6
 The INS alleges that on February 25, 1991, petitioner was notified by certified mail that he was ordered to surrender for deportation on March 14, 1991. Petitioner did not surrender as ordered. Subsequently, on January 21, 1993, petitioner was taken into custody at his home by immigration officers. Petitioner claims he did not receive the February 25, 1991, order to surrender.[3] Petitioner was granted a stay of deportation until February 21, 1993, in order to allow him to determine if he was eligible for any discretionary relief.
 
 
 7
 On February 18, 1993, petitioner filed a second motion to reopen deportation proceedings. In his motion, petitioner requested reopening in order to allow him to present evidence of his eligibility for suspension of deportation based on extreme hardship pursuant to 1254(a)(1). Pursuant to 8 C.F.R. 3.2, petitioner attached twenty-nine supporting exhibits, affidavits and letters to his motion. Cert. Admin. R. at 60-101. On June 23, 1993, the BIA denied petitioner's motion. Petitioner timely petitioned this court for review.
 
 Jurisdiction
 
 8
 In its June 23, 1993, order, the BIA noted that although petitioner's motion requested the BIA to "reopen its decision dated February 14, 1990," Cert. Admin. R. at 40, petitioner's motion was not a motion to reconsider, and asserted no error in the prior decision. Therefore, the BIA declined to reconsider its previous decision. Id. at 3.
 
 
 9
 In Turri v. INS, 997 F.2d 1306 (10th Cir.1993), this court characterized reconsideration and reopening as separate and distinct forms of relief, stating:
 
 
 10
 A motion to reconsider asserts that the Board made an error in its earlier decision. The motion must state the reasons upon which it is based and cite pertinent authority. See 8 C.F.R. 3.8. A motion to reopen, on the other hand, seeks to reopen the proceedings to present additional evidence and obtain a new decision. Such a motion must "state the new facts to be proved at the reopened hearing and ... be supported by affidavits or other evidentiary material." Id.
 
 
 11
 Turri, 997 F.2d at 1311 n. 4.
 
 
 12
 In his petition for review, petitioner continues to argue issues decided in the February 14, 1990, decision. Petitioner also attempts to assert errors in his original deportation hearing. These issues were not raised in his second motion to reopen. Therefore, as a threshold matter, we must determine just what issues we have jurisdiction to review.
 
 
 13
 The requirements of the INA, 8 U.S.C. 1105a, providing for appellate review of final deportation orders, are mandatory and jurisdictional. Lee v. INS, 685 F.2d 343, 343 (9th Cir.1982). However, these orders are "independently reviewable final orders," susceptible to time limitations. Nocon v. INS, 789 F.2d 1028, 1033 (3d Cir.1986). Pursuant to the version of 1105a(a)(1) applicable to petitioner,[4] in order to invest this court with jurisdiction to review a final deportation order, a petition for review must be filed within six months of the specific order being reviewed.
 
 
 14
 As the INS points out in its brief, due to petitioner's failure to timely appeal his deportation order or petition this court for review of the BIA's February 14, 1990, order, we have no jurisdiction to review these decisions. It is only the BIA's June 23, 1993, decision, narrowly structured to address only petitioner's eligibility for suspension of deportation under 1254(a)(1), that is properly before us for review. Cert. Admin. R. at 40-51. Therefore, we decline to address the issues petitioner raises challenging his original deportation order, or the February 1990 decision denying reopening.
 
 Discussion
 
 15
 In the petition at issue here, petitioner asked the BIA to reopen his deportation proceedings to consider his request for suspension of deportation pursuant to 8 U.S.C. 1254(a)(1). This section grants the Attorney General discretion to suspend deportation of an otherwise deportable alien who (1) has been physically present in the United States for not less than seven years immediately preceding application; (2) has been a person of good moral character during the seven-year period; and (3) is " 'a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.' " INS v. Wang, 450 U.S. 139, 140 (1981)(quoting 8 U.S.C. 1254(a)(1)).
 
 
 16
 A motion to reopen will be denied unless it is sought on the basis of circumstances that have arisen subsequent to the original hearing. INS v. Rios-Pineda, 471 U.S. 444, 446 (1985). Petitioner asserts that his deportation would cause him and his family extreme hardship. He further contends that he owns his own home and has formed strong ties in the community through his church, his children's school, his educational endeavors, and his volunteer projects. He claims extreme economic hardship should he be forced either to leave his family behind in the United States or to take them with him to Mexico. He asserts that his children would suffer emotional trauma if forced to leave the only home they have ever known and move to Mexico.
 
 
 17
 The BIA has broad discretion to grant or deny a motion to reopen. INS v. Doherty, 112 S.Ct. 719, 724 (1992). The authority for deciding motions to reopen is derived from INS regulations, 8 C.F.R. 3.2, and is constructed solely in negative terms, setting forth the circumstances under which a motion to reopen is to be denied. See Doherty, 112 S.Ct. at 724.
 
 
 18
 There are three independent grounds upon which a motion to reopen may be denied. INS v. Abudu, 485 U.S. 94, 104-05 (1988). First, the BIA may find that the alien has failed to establish a prima facie case for the underlying substantive relief. Second, the BIA may conclude that the alien has failed to present previously unavailable, material evidence. Third, where the alien is requesting discretionary relief, such as suspension of deportation, "the BIA may leap ahead, as it were, over the two threshold concerns (prima facie case and new evidence/reasonable explanation), and simply determine that even if they were met, the [alien] would not be entitled to the discretionary grant of relief." Id. at 105.
 
 
 19
 The BIA initially found that petitioner had established prima facie eligibility for suspension of deportation. Cert. Admin. R. at 5. As to whether petitioner's motion was accompanied by material, previously unavailable evidence, the BIA stated the agency's position as requiring an alien to present evidence such that, if the deportation proceedings were reopened, the new evidence would be likely to change the result. Id. However, the BIA was silent as to whether petitioner's evidence met this burden.
 
 
 20
 Finally, the BIA concluded that "it is unlikely the [petitioner] would be granted suspension of deportation in a favorable exercise of discretion." Id. The only basis for this conclusion articulated by the BIA was that "through a series of motions to reopen and appeals, [petitioner] has managed to remain in the United States for over 9 years." Id.
 
 
 21
 The BIA noted in its order that the purpose of appeals is to correct legal errors and not to forestall deportation in the hope that time would provide compliance with legal prerequisites. Cert. Admin. R. at 5. In Rios-Pineda, the Supreme Court reversed a court of appeals' decision, and held that the BIA did not abuse its discretion when it denied a motion to reopen, based upon its conclusion that the alien could not satisfy the seven-year requirement by delaying deportation through frivolous appeals. 471 U.S. at 449-50. The Court held that "[t]he Attorney General can, in exercising his discretion, legitimately avoid creating a further incentive for stalling by refusing to reopen suspension proceedings for those who became eligible for such suspension only because of the passage of time while their meritless appeals dragged on." Id. at 450. However, in contrast to the BIA order here, in Rios-Pineda, the BIA made a clear finding that the alien had engaged in repeated, "blatant" violations of the immigration laws, and had only met the seven-year requirement by filing "frivolous" appeals. Id. at 448.
 
 
 22
 Petitioner in this case did not appeal his initial order of deportation, and filed only one other motion to reopen in addition to the one before this court. Initially, we question whether these actions would qualify as a "series of motions to reopen and appeals." Cert. Admin. R. at 5. In addition, the BIA did not state that either of petitioner's motions was frivolous or dilatory, or that petitioner had engaged in any "blatant" violations of immigration laws.[5]
 
 
 23
 Any meaningful review by this court must be based on the BIA's "own articulation of its reasons for denying relief, not on our assumptions about what the [BIA] considered and decided." Turri, 997 F.2d at 1310. The administrative record indicates that petitioner submitted numerous documents in support of his motion, including affidavits and letters from his friends, his teachers, his children's teachers, his parish priest, his employer, his union representative, and others who have been associated with him in various volunteer community services. Although a reviewing court may find an abuse of discretion if the BIA utterly fails or refuses to consider relevant factors, see Nunez-Pena v. INS, 956 F.2d 223, 226 (10th Cir.1992), "[s]o long as [the BIA] considers all the relevant factors, this court cannot second-guess the weight, if any, to be given any factor," Turri, 997 F.2d at 1308-09. Therefore, although we neither list petitioner's evidence in detail, nor presume to decide whether his evidence would suffice to support his application for suspension of deportation, our review of the record indicates that the evidence petitioner presented should have been considered relevant to the BIA's decision. In addition, when the BIA considers a motion to reopen, it must consider the new evidence sought to be introduced cumulatively with previous evidence. Id. at 1311. The BIA's decision here does not indicate that it considered any of the evidence presented, new or old, singly or in combination.
 
 
 24
 In reviewing a denial of a motion to reopen, the appellate court must look to whether the BIA's explanation of its decision was grounded in "legitimate concerns about the administration of the immigration laws." Rios-Pineda, 471 U.S. at 451. When, as here, the BIA did not articulate an explanation of its decision, the reviewing court is unable to determine whether the BIA exercised its discretion appropriately or in a rational manner. Consequently, its decision can only be viewed as unreasoned and arbitrary. See Mattis v. United States INS, 774 F.2d 965, 968 (9th Cir.1985)(reversing a denial of a motion to reopen because the BIA failed to issue a "non-arbitrary reasoned explanation").
 
 
 25
 Therefore, we are persuaded the BIA exercised its discretion in an arbitrary manner by failing to provide a clear picture and understanding of its reasoning in denying petitioner's motion to reopen. Accordingly, the petition for review is GRANTED. The BIA's decision denying petitioner's motion to reopen is REVERSED, and the matter is REMANDED to the BIA for further consideration.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The BIA is delegated authority to decide initially a question raised in a motion to reopen if it has already made a previous decision in the case. 8 C.F.R. 3.2
 
 
 [3]
 The INA, 8 U.S.C. 1252b(e)(3), provides that an alien who fails to appear under a deportation order is not eligible for the discretionary relief of suspension of deportation for a period of five years after the surrender date. Here, the BIA concluded that petitioner did not receive notice to present himself for deportation, as he alleged, and, therefore, his failure to surrender did not preclude him from eligibility for suspension of deportation relief
 
 
 [4]
 Due to a recent statutory amendment, the amount of time provided for filing a petition for review depends on when the final order of deportation issued. The statute now grants six months for final orders entered prior to January 1, 1991, but only ninety days for orders entered thereafter. See 545(g)(4) of Pub.L. No. 101-649, 104 Stat. 5048, 5066 (1990). Therefore, petitioner had until August 10, 1990, to petition for review of the February 10, 1990, order denying his motion to reopen
 
 
 [5]
 In addition, the record indicates that much of the passage of time allowing petitioner to comply with the seven year requirement was accrued while petitioner awaited an INS decision or notification of a decision