53 F.3d 343
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Fernando Francisco TERRAZAS-JIMENEZ, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-9553.
 No. Ahi-alw-nip.
 United States Court of Appeals, Tenth Circuit.
 May 3, 1995.
 
 Before HENRY, McKAY, and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 HENRY
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Fernando Francisco Terrazas-Jimenez seeks review of a decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of Mr. Terrazas-Jimenez' application for discretionary relief from deportation under 212(c) of the Immigration and Naturalization Act (Act), 8 U.S.C. 1182(c). The Immigration and Naturalization Service (INS) charged Mr. Terrazas-Jimenez with deportability under 8 U.S.C. 1251(a)(2)(A)(iii) and (B)(i), based upon his Oklahoma convictions for drug trafficking. Mr. Terrazas-Jimenez conceded deportability, but sought a discretionary waiver of deportation under 212(c) of the Act.[2] Following an evidentiary hearing, the IJ denied a waiver of deportation. The BIA affirmed the IJ's decision and Mr. Terrazas-Jimenez now seeks review in this court. See 8 U.S.C. 1105a.
 
 
 3
 Mr. Terrazas-Jimenez asserts that the BIA's findings of fact underlying the denial of the waiver of deportation were erroneous. This court reviews the BIA's factual findings only to determine whether there is substantial evidence in the record to support them. Diaz-Resendez v. INS, 960 F.2d 493, 495 (5th Cir.1992). Mr. Terrazas-Jimenez challenges the BIA's findings that his failure to pay child support in the 1960s was irresponsible and that a 1987 drug-related arrest resulted in a conviction. The record, however, contains substantial evidence to support these and all of the BIA's factual findings. See R. at 82-83, 99 (Mr. Terrazas-Jimenez admits receiving probation as a result of his 1987 drug-related arrest); White v. INS, 17 F.3d 475, 479 (1st Cir.1994)(even where there has been no formal adjudication of guilt, alien will still be considered to have been convicted, for immigration purposes, if the judge has ordered some punishment, penalty, or restraint on petitioner's liberty).
 
 
 4
 Mr. Terrazas-Jimenez further asserts that the BIA failed to address in a meaningful way his health, the hardships his deportation would visit upon his family, and his rehabilitation from criminal conduct. Review of the record, however, establishes that the BIA did properly consider these factors.
 
 
 5
 Mr. Terrazas-Jimenez next argues that the BIA abused its discretion in denying a waiver of deportation.
 
 
 6
 The BIA exercises its discretion under 212(c) by "balanc[ing] the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf." Where an applicant for 212(c) relief has engaged in serious criminal conduct, such as drug trafficking, the BIA requires the applicant to "introduce additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equities." Specific factors which the BIA considers to be outstanding equities include the length of the applicant's residence in this country, his immediate family's residence here, his close family ties, and a history of gainful employment.
 
 
 7
 Nunez-Pena, 956 F.2d at 225 (alterations in original) (citations omitted).
 
 
 8
 We review the BIA's balancing of these equities only for an abuse of discretion. Id. at 226. "The denial of 212(c) relief will be upheld unless it was made without a [rational] explanation, inexplicably departed from established policies, or rested on an impermissible basis." Id. (quotation omitted).
 
 
 9
 In denying Mr. Terrazas-Jimenez a waiver from deportation, the BIA recognized and properly considered all of the relevant factors.
 
 
 10
 [Mr. Terrazas-Jimenez] simply advocates that we substitute his treatment of the relevant factors for that of the BIA. This we cannot do.... Congress has entrusted to the Attorney General, not the courts, the responsibility for weighing the favorable and unfavorable factors.
 
 
 11
 Id. Because we cannot say that the BIA abused its discretion in denying Mr. Terrazas-Jimenez relief under 212(c), the petition for review is DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Although on its face, 212(c) appears to apply only to exclusion proceedings, it "has uniformly been found applicable to deportation proceedings as well." Nunez-Pena v. INS, 956 F.2d 223, 224 n. 3 (10th Cir.1992)