133 F.3d 928
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francisco Antonio NORIEGA-PARDO, Rosanna Yvonne Carbajal De
Noriega, & Priscilla Francesca Noriega, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70667.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1997.**
Decided Jan. 12, 1998.
 
 Before: FERGUSON, THOMPSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Francisco Noriega-Pardo, his wife Rosanna Yvonne Carbajal De Noriega, and their daughter Priscilla Francesca Noriega, natives and citizens of Peru, petition for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision denying their applications for asylum and withholding of deportation under section 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.[1]
 
 
 3
 * To qualify for asylum, an applicant must show that he is a "refugee" as defined in 8 U.S.C. § 1101(a)(42)(A). Refugee status is established by evidence of past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Ramos-Vasauez v. INS, 57 F.3d 857, 862 (9th Cir.1991). To establish a well-founded fear of persecution, the applicant bears the burden of showing both a genuine subjective fear and an objectively reasonable fear of persecution. Id. "The objective component requires a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993) (citation omitted).
 
 
 4
 As an initial, and dispositive, matter, Noriega-Pardo has failed to challenge on appeal two of the three separate and independent grounds articulated by the BIA in dismissing his appeal. Noriega has neglected to address the BIA's findings that he (1) failed to present credible testimony in support of his application and (2) failed to demonstrate that he was persecuted or would be persecuted on account of one of the five statutory grounds noted above. See 8 U.S.C. § 1101(a)(42)(A). Claims not addressed in an appellant's brief, or only noted in passing without adequate support, are deemed abandoned. See Paracos Finance, Inc. v. General Electric Capital Corp., 96 F.3d 1151, 1168 (9th Cir.1996); Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988); see also Nunez-Pena v. INS, 956 F.2d 223, 225 n. 4 (10th Cir.1994) ("A litigant who mentions a point in passing and fails to press it by supporting it with pertinent authority or by showing why it is sound despite the lack of supporting authority, forfeits the point.") We may deny the petition for review on either or both of these grounds. Nevertheless, we briefly address Noriega-Pardo's other contentions.
 
 II
 
 5
 Noriega-Pardo seeks asylum based on a well-founded fear of persecution on account of political opinion. He testified at his asylum hearing that he left Peru in 1990 because of attempts made against his family members, lives by the Sendero Luminoso terrorist group resulting from his work as an informant for DINCOTE, the anti-terrorism wing of Peru's Department of the Interior. Noriega-Pardo testified that he had received death threats and was beaten on one occasion by members of the Sendero Luminoso while on assignment gathering intelligence for DINCOTE. He and his wife testified that on another occasion, his wife and daughter were assaulted by hooded Sendero Luminoso members who broke into their home. During the attack, one of the Sendero Luminoso members removed her hood and identified herself as Nelly Flores-Queste, Noriega-Pardo's immediate superior in DINCOTE, and queried as to Noriega-Pardo's whereabouts. Before leaving, the intruders told Mrs. Noriega that they would find Noriega-Pardo. Approximately one month later, Noriega-Pardo and his family left Peru.
 
 
 6
 Noriega-Pardo claims that the BIA's decision denying his application for asylum was not supported by substantial evidence. The BIA determined that Noriega-Pardo was not credible in light of the numerous inconsistencies between his asylum application and his testimony before the IJ and due to the implausibility of his story. For example, although Noriega-Pardo testified extensively about the aforementioned beatings that he and his family suffered at the hands of the Sendero Luminoso, he did not even mention these seemingly significant events in his asylum application. Also, he claimed in his asylum application that he discovered that the Sendero Luminoso were trying to use his house to store drugs and that he responded by organizing a "large military task force" with DINCOTE to "persecute" the guerillas. He made no mention of this remarkable series of events at his hearing, however. Further, Noriega-Pardo claimed in his application that he had been a member of DINCOTE for several years, while he testified at his hearing that he had been a member for only a few months. Although the dissent from the BIA's decision argued that "[f]actual discrepancies provide an insufficient basis for finding an asylum applicant to lack credibility, unless they go to the heart of the claim," In re Noriega-Pardo, (BIA July 30, 1996) (Rosenberg, BIA member, dissenting) (citing Paredes-Urrestarazu v. INS, 36 F.3d 801, 817 (9th Cir.1994)), we think it evident that the foregoing does go to the "heart of the claim"--whether Noriega-Pardo has suffered past persecution and has reason to fear future persecution from the Sendero Luminoso. It is obvious from the foregoing that the BIA's credibility finding was supported by substantial evidence. See Ramos-Vasquez, 57 F.3d at 861. Because Noriega-Pardo has failed to present candid, credible, and sincere evidence, see Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995), he fails to establish eligibility for asylum based on a well-founded fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 III
 
 7
 As a final matter, Noriega-Pardo cites extensively to Matter of Chen, Int. Dec. 3104 (BIA 1989), in support of his contention that he merits a discretionary grant of asylum due to past persecution. Noriega-Pardo's claims, however, do not approach the level of atrocity suffered by the petitioner in Chen, who was a Chinese Christian whose father had been systematically tortured for eight years due to his religious beliefs. See Acewicz, 984 F.2d at 1062 (citing Matter of Chen, Int. Dec. 3104). Chen himself had been tortured, harassed, and deprived of food and necessary medical attention since the age of eight. See id. Although we have not defined a minimum showing of "atrocity" necessary to warrant a discretionary grant of asylum based on past persecution, Noriega-Pardo's travails, assuming credibility, do not constitute such "atrocious" past persecution as to warrant a discretionary grant of asylum. See Kazalauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995).
 
 IV
 
 8
 For the foregoing reasons, we deny review.[2]
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Mr. Noriega-Pardo's wife and daughter, Rosanna Yvonne Carbajal and Priscilla Francesca, are seeking derivative asylum status from Mr. Noriega-Pardo's application, we refer principally to Mr. Noriega-Pardo in this disposition
 
 
 [2]
 Because Noriega-Pardo failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard of withholding of deportation. See Ghaly, 58 F.3d at 1429