FILED
United States Court of Appeals
Tenth Circuit

November 15, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

NITHIN RADHAKRISHNAN,

    Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

    Respondent.

No. 19-9534
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Nithin Radhakrishnan petitions for review of the Board of Immigration

Appeals' (BIA's) decision affirming an Immigration Judge's (IJ's) decision to order

Radhakrishnan's removal from the United States to India and dismissing

Radhakrishnan's appeal.  Exercising jurisdiction pursuant to 8 U.S.C. § 1252, we

deny the petition for review.

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Radhakrishnan, who was born on July 28, 1990, is a native of the United Arab Emirates and a citizen of India. ROA at 9, 67. On September 1, 2016, Radhakrishnan was admitted to the United States as a non-immigrant/M1 vocational student, with authorization to stay in the United States until August 31, 2017. *Id.* According to Radhakrishnan, he attended a flight school in Centennial, Colorado, graduated in 2016, and began thereafter looking for work in the aviation industry. *Id.* at 9. At some point in 2018, Radhakrishnan married a United States citizen. *Id.* at 10.

On July 30, 2018, Radhakrishnan pleaded guilty in Arapahoe County (Colorado) District Court on one count of theft in the amount of $750 to $2000, in violation of Colo. Rev. Stat. § 18-4-401(1), (2)(e). *Id.* at 67, 133. According to the record, Radhakrishnan "was involved in an organized retail theft scheme with six other subjects to return merchandise to . . . Home Depot and request refunds for merchandise that was never purchased."[1] *Id.* at 36. Radhakrishnan was sentenced to two years of probation, 100 hours of community service, and restitution in the amount of $11,716.84. *Id.* at 16, 67.

On August 30, 2018, Radhakrishnan was detained by Department of Homeland Security (DHS) employees and informed that he had overstayed his visa. *Id.* at 16.

---

[1] In his pleadings in this appeal, Radhakrishnan admits returning items to Home Depot on behalf of another person, but denies any knowing involvement in an organized retail theft scheme.

2

Shortly thereafter, DHS initiated a removal proceeding by filing with the Immigration Court a Notice to Appear (NTA) against Radhakrishnan. *Id.* at 34. The NTA alleged, in pertinent part, that Radhakrishnan was removable under Section 237(a)(1)(B) of the Immigration and Nationality Act. *Id.*

Radhakrishnan had his initial appearance before the IJ on September 12, 2018. *Id.* at 55–56. Radhakrishnan requested additional time to obtain an attorney. *Id.* at 56. The IJ granted the request and scheduled another hearing for September 25, 2018. *Id.* at 57.

At the second hearing on September 25, 2018, Radhakrishnan again requested additional time to find an attorney. *Id.* at 60. The IJ granted the request, but advised Radhakrishnan that this would be his final continuance. *Id.* at 60–61.

At the third hearing before the IJ on October 9, 2018, Radhakrishnan appeared pro se and admitted the factual allegations in the NTA. *Id.* at 34–35, 66–69. Based upon those admissions, the IJ sustained the single charge of removability. *Id.* Radhakrishnan conceded, upon questioning by the IJ, that he did not have any fear of harm if he were returned to India. Id. at 69–70. But Radhakrishnan informed the IJ that his wife was a United States citizen and that she intended to file an I-130 immediate relative petition on his behalf. *Id.* at 70–72. The IJ granted another continuance to allow Radhakrishnan time to consider how to proceed. *Id.* at 73–74. The IJ informed Radhakrishnan, however, that "based on what you've told me, there's not any relief that you are currently eligible for," and that, as a result, the IJ "may have to enter an order of removal or consider voluntary departure." *Id.* at 73.

3

At the fourth hearing before the IJ on October 23, 2018, Radhakrishnan appeared pro se. *Id.* at 76. Radhakrishnan informed the IJ that he intended to file an I-485 adjustment of status application, and that his wife also intended to file an I-130 immediate relative petition. *Id.* at 18, 35, 76–78. The IJ advised Radhakrishnan that he might "have a difficult time getting adjustment of status granted" due to his "criminal record." *Id.* at 80. The IJ also advised Radhakrishnan that he would not "continue to continue this case for purposes of the I-130 being approved that hasn't even been filed yet" because "those I-130's take many, many months to get approved." *Id.* The IJ "strongly encourage[d]" Radhakrishnan to "get an attorney" to assist him in determining "how to proceed." *Id.* Lastly, the IJ continued the case until November 6, 2018. *Id.*

At the fifth hearing before the IJ on November 6, 2018, Radhakrishnan again appeared pro se. *Id.* at 82. Radhakrishnan stated that his wife still intended to file an I-130 petition on his behalf, but that she was "still in the hospital." *Id.* at 84. In response to questioning by the IJ, the DHS attorney stated that she "wouldn't oppose one final continuance since [Radhakrishnan was] pro se and his wife appears to be in the hospital." *Id.* at 85. The IJ informed Radhakrishnan: "All right, sir, I'm going to – since the Department isn't opposing one more continuance, I'm going to give you one more continuance." *Id.* After assurance by Radhakrishnan that his wife would be able to file the I-130 petition, the IJ continued the case until November 20, 2018. *Id.* at 85–86. The IJ advised Radhakrishnan, however, "I'm going to need proof that

she's filed the I-130, so you need to have a copy of that . . . by the time of the next court hearing." *Id.* at 86.

At the sixth hearing before the IJ on November 20, 2018, Radhakrishnan again appeared pro se. *Id.* at 88. Radhakrishnan requested an additional continuance, stating "that he would be able to have an attorney for his next hearing," and that his wife, who had not yet given birth to their son, had been unable to file the I-130 visa petition. *Id.* at 36. The IJ denied Radhakrishnan's request. In doing so, the IJ noted that Radhakrishnan "ha[d] been granted five continuances in th[e] matter" and that DHS opposed his request for a sixth continuance. *Id.* at 36. The IJ also "note[d] that [Radhakrishnan] ha[d] a serious criminal conviction . . . for theft." *Id.* Lastly, the IJ noted "the speculative nature of having an I-130 approved and having an adjustment status application approved which would require a waiver of a very serious criminal offense for which the [IJ] [wa]s not inclined to grant a waiver." *Id.* at 36–37. Consequently, the IJ ordered Radhakrishnan "removed to India." *Id.* at 37.

Radhakrishnan appealed the IJ's decision to the BIA. *Id.* at 43. Radhakrishnan disputed whether he needed a waiver to apply for an I-485 adjustment of status. *Id.* at 44. He also alleged that his wife had been unable, due to her physical condition, to file an I-130 petition. *Id.*

On April 26, 2019, the BIA issued a written decision affirming the IJ's decision ordering Radhakrishnan's removal from the United States to India and dismissing the appeal. *Id.* at 2. The BIA noted that Radhakrishnan "d[id] not meaningfully dispute that he [wa]s subject to removal . . . because, after his

5

admission to this country as a nonimmigrant student in 2016, he remained for a time longer than permitted." *Id.* The BIA further noted that he "ha[d] not applied for any form of relief from removal which c[ould] be granted by an [IJ] or [the BIA]." *Id.* Lastly, the BIA concluded that "[g]ood cause did not exist for a continuance" of the proceedings before the IJ. *Id.* The BIA noted, in support, that Radhakrishnan "ha[d] not presented any evidence that his spouse ha[d] filed an immigrant visa petition on his behalf," and it expressed skepticism that, even if Radhakrishnan's spouse did file such a petition, that Radhakrishnan "w[ould] be able to establish eligibility for adjustment of status." *Id.*

On May 24, 2019, Radhakrishnan filed a petition for review with this court.

II

"We review the ruling of the BIA as the agency's final decision." *Jimenez v. Sessions*, 893 F.3d 704, 709 (10th Cir. 2018). In conducting that review, we generally "review legal issues de novo and factual findings for substantial evidence." *Id.* In this case, the BIA's ruling focused solely on whether Radhakrishnan should have been afforded another continuance. "[W]e review that decision for an abuse of discretion." *Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1297 (10th Cir. 2011). "Only if the decision 'was made without a rational[] explanation, inexplicably departed from established policies, or rested on an impermissible basis,' will we grant the petition for review." *Id.* (quoting *Nunez-Pena v. INS*, 956 F.2d 223, 226 (10th Cir. 1992)).

6

Radhakrishnan argues in his opening brief that the BIA erred in concluding "that he requires a waiver" to "file an application for I-485." Pet. Br. at 3. More specifically, Radhakrishnan argues that his Colorado state conviction for theft does not constitute a "crime of moral turpitude," and thus he is, in fact, eligible for cancellation of removal. *Id.*

The problem with Radhakrishnan's arguments, however, is that the BIA never conclusively determined whether he was eligible for cancellation of removal. Rather, the BIA concluded only that "[g]ood cause did not exist for a continuance." ROA at 2. In reaching that conclusion, the BIA noted: "To date, more than 8 months after the filing of the Notice to Appear, [Radhakrishnan] has yet to present any evidence that his spouse has filed a visa petition on his behalf." *Id.* Given "the highly speculative likelihood that, at a future time, [Radhakrishnan's] spouse w[ould] file an immigrant visa petition on his behalf and, in turn, [that] he w[ould] be able to establish eligibility for adjustment of status," the BIA concluded that "a further continuance of the[] proceedings [wa]s not warranted." *Id.*

After examining the record on appeal, we conclude that there was a rational explanation for the BIA's decision. As was the case when Radhakrishnan's appeal was pending before the BIA, the record and materials now before this court fail to reveal any attempt on the part of Radhakrishnan's spouse to file a petition on his behalf. Likewise, although Radhakrishnan states in his opening appellate brief that he still intends to file an I-485 petition, he has yet to do so, even though the proceedings against him have now been ongoing for more than a year. Consequently,

7

we conclude that the BIA did not abuse its discretion in denying Radhakrishnan's request for a continuance.

We DENY the petition for review. Petitioner's motion to proceed *in forma pauperis* is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge